UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 3:13-CR-101 |
| | ) | |
| MANDY DOREEN VEACH | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's motion for sentence reduction [doc. 27]. Through counsel, the defendant asks the court to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The government has responded [doc. 28], ultimately deferring to the court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

### I. Authority

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon v. United States*, 560 U.S. 817, 827 (2010) (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.10(b)(1) (2015). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1) (2015). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of

2

Case 3:13-cr-00101-RLJ-CCS   Document 30   Filed 11/02/16   Page 2 of 5   PageID #: 85

imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *See id.*

## II. Factual Background

By judgment dated November 23, 2013, this court sentenced the defendant to a term of imprisonment of 84 months as to Count One (a methamphetamine conspiracy). The defendant's guideline range was 120 to 135 months, based on a total offense level of 29, a criminal history category of III, and a statutorily-mandated 120-month minimum sentence.

Prior to sentencing, the United States filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The court granted the motion and departed downward to 84 months, a reduction of 30 percent from the bottom of the restricted guideline range. According to the Bureau of Prisons, the defendant is presently scheduled for release on September 12, 2019.

## III. Analysis

Applying Amendment 782, the defendant's new guideline range is 87 to 108 months, based on a total offense level of 27 and a criminal history category of III. Thus,

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). That is the case here.

3

the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Applying U.S.S.G § 1B1.10(c), a corresponding 3553(e) departure may be applied from the new guideline range without regard to the mandatory minimum sentence. In the present case, a corresponding 30 percent substantial assistance reduction would result in a sentence of 61 months.

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, the defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii). Having done so, the court finds that the defendant should be granted an Amendment 782 sentence reduction.

## IV.  Amendment 794

The court additionally notes that, *pro se*, the defendant has filed a motion requesting a sentence reduction in light of U.S.S.G. Amendment 794 and 18 U.S.C. § 3582 [doc. 29]. As noted above, § 3582 gives district courts discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

4

Amendment 794 went into effect on November 1, 2015, and cannot be retroactively applied to reduce a defendant's sentence. *See* U.S.S.G. § 1B1.10(d) (2015). Amendment 794 is therefore of no benefit to the present defendant, who was sentenced in November of 2013.

**V.     Conclusion**

For the reasons stated herein, the defendant's October 31, 2016 *pro se* motion for sentence reduction [doc. 29] is **DENIED**. The motion for sentence reduction filed by counsel [doc. 27] is **GRANTED**. The defendant's term of imprisonment is reduced to **61 months**. This sentence includes a corresponding 30 percent substantial assistance reduction from the bottom of the new guideline range.

Except as provided above, all provisions of the judgment dated November 20, 2013, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

5

Case 3:13-cr-00101-RLJ-CCS   Document 30   Filed 11/02/16   Page 5 of 5   PageID #: 88